IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY EDWARDS** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:19-cv-86-CWR-FKB**

**ST. DOMINIC HOSPITAL and**
**DAVID SEAGO** **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the Court are Kimberly Edwards's complaint [1] and motion for leave to proceed *in forma pauperis* ("IFP") [2]. For the following reasons, the undersigned recommends that she be granted IFP status, but that her case be dismissed for lack of jurisdiction.

"28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees." *Cooley v. Hodge*, No. 2:17-cv-71-KS-MTP, 2017 U.S. Dist. LEXIS 141974, at *2 (S.D. Miss. Aug. 17, 2017)(citing *Barnes v. Sec., Dep't. of Treasury*, 2010 U.S. Dist. LEXIS 112349, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010)). Where the plaintiff's financial information shows that a filing fee would cause undue financial hardship, the district court has discretion to reduce or waive the fee. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Cooley*, 2017 U.S. Dist. LEXIS 141974, at *2 (quoting *Williams v. Beau Rivage*, 2009 U.S. Dist. LEXIS 103000, 2009 WL 3431457 (S.D. Miss. 2009)).

Having considered Edwards's financial affidavit, the undersigned finds that her IFP motion is well-taken and due to be granted. No filing fee will be assessed.

Once a court has determined that a plaintiff may proceed IFP, 28 U.S.C. § 1915(e)(2)(B) requires that the court next determine whether the complaint "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Day v. Seiler*, 560 F. App'x 316, 318 (5th Cir. 2014).

Edwards alleges that St. Dominic Hospital and Dr. David Seago committed malpractice relating to a surgery she underwent in 2008. [1] at 4. She claims that she only recently became aware of the alleged malpractice. *Id.*

After examining Edwards's complaint, the undersigned cannot discern a basis for subject matter jurisdiction. Edwards does not describe any federal statute, treaties, or constitutional provisions at issue. According to Edwards, all parties are residents of Mississippi. [1] at 2-3. As a result, she cannot establish diversity of citizenship, as required by 28 U.S.C. § 1332(a)(1).

Accordingly, the Court is unable to exercise jurisdiction to consider the merits of Edwards's complaint. *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends the Court dismiss her complaint. The dismissal should be without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

So recommended, this the 19th of March, 2019.

          /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE